IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO


Civil Action No. 1:16-cv-01005-WYD-KLM

CAROLYN O'NEAL,

      Plaintiff,

v.

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF FREMONT;
SHERIFF JAMES BEICKER, in his individual and official capacities;
TY MARTIN, in his individual and official capacities;
MICHAEL FETTERHOF, in his individual and official capacities;
TROY JOHNSTON, in his individual and official capacities;
STEVE SANGER, in his individual and official capacities;
MICHAEL ULRICH, in his individual and official capacities;
RICHARD SOLANO, in his individual and official capacities;
CARRIE HAMMEL, in her individual and official capacities;
CAMERON GONZALES, in his individual and official capacities;
JOSHUA POHL, in his individual and official capacities;
DEBORA BUNCH, in her individual and official capacities;

      Defendants.

---

**ANSWER OF DEFENDANTS THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF FREMONT, SHERIFF JAMES BEICKER, TY MARTIN, MICHAEL FETTERHOFF, TROY JOHNSTON, MICHAEL ULRICH, RICHARD SOLANO AND CARRIE HAMMEL TO PLAINTIFF'S COMPLAINT AND JURY DEMAND**

---

      Defendants, The Board of County Commissioners of the County of Fremont, Sheriff

James Beicker, Ty Martin, Michael Fetterhoff, Troy Johnston, Michael Ulrich, Richard Solano

and Carrie Hammel, ("Fremont County Defendants"), by and through counsel, William T.

O'Connell, III and Brendan L. Loy, of Wells, Anderson & Race, LLC for their Answer to Plaintiff's Complaint and Jury Demand ("Complaint") state as follows:

## I.     INTRODUCTION

1.     With regard to the allegations of Paragraph 1 of Plaintiff's Complaint, the Fremont County Defendants admit that Plaintiff brings this action but deny that Plaintiff is entitled to relief of any kind or type for her Complaint. The Fremont County Defendants deny that they acted in violation of any law or constitutional obligation.

2.     The Fremont County Defendants deny the allegations of Paragraph 2 of Plaintiff's Complaint.

## II.     JURISDICTION AND VENUE

6.     With regard to the allegations of Paragraph 6 of Plaintiff's Complaint, the Fremont County Defendants admit that Plaintiff brings this action but deny that Plaintiff is entitled to relief of any kind or type for her Complaint. The Fremont County Defendants deny that they acted in violation of any law or constitutional obligation.[1]

7.     With regard to the allegations of Paragraph 7 of Plaintiff's Complaint, the Fremont County Defendants admit that this Court has jurisdiction over Plaintiff's claims but deny that Plaintiff is entitled to relief of any kind or type for her Complaint.

8.     With regard to the allegations of Paragraph 8 of Plaintiff's Complaint, the Fremont County Defendants admit that this Court has jurisdiction over Plaintiff's claims but deny that Plaintiff is entitled to relief of any kind or type for her Complaint.

---

[1]     Plaintiff's Complaint is incorrectly numbered in that it does not contain paragraph nos. 3, 4 or 5. Plaintiff's Complaint also contains two paragraph nos. 6, 7, 8 and 9. For ease of reference and consistency, the Fremont County Defendants' Answer will track the incorrect numbering in Plaintiff's Complaint.

9.    The Fremont County Defendants admit that venue is proper as alleged in Paragraph 9 of Plaintiff's Complaint but deny that all of the events alleged occurred.

### III.    PARTIES

**Plaintiff**

10.    The Fremont County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of Plaintiff's Complaint and therefore deny the same.

**Defendants**

6.    With regard to the allegations of Paragraph 6 of Plaintiff's Complaint, the Fremont County Defendants admit that Fremont County is a governmental entity organized under the laws of the State of Colorado. The Fremont County Defendants admit that Fremont County operates the Fremont County Detention Center which is located at 100 Justice Center Road in Canon City, Colorado.

7.    With regard to the allegations of Paragraph 7 of Plaintiff's Complaint, the Fremont County Defendants admit that the powers of a county as a body corporate and politic shall be executed by a Board of County Commissioners pursuant to Colorado law. The Fremont County Defendants admit that C.R.S. § 30-11-105 speaks for itself.

8.    With regard to the allegations of Paragraph 8 of Plaintiff's Complaint, the Fremont County Defendants admit that Defendant Sheriff James Beicker and Defendant Undersheriff Ty Martin, respectively, were each a citizen of the United States, resident of and domiciled in the State of Colorado and were each acting under color of state law in their capacities as the Fremont County Sheriff and Fremont County Undersheriff, respectively. The

Fremont County Defendants admit that Defendant Beicker is the duly elected Sheriff of Fremont County. The Fremont County Defendants admit that Defendant Martin is employed by the Fremont County Sheriff's Office. The Fremont County Defendants admit that Defendant Beicker is a final policymaker for the Fremont County Sheriff's Office and its divisions, including the Fremont County Detention Center. The Fremont County Defendants deny the remaining allegations of Paragraph 8 of Plaintiff's Complaint.

9.      Paragraph 9 of Plaintiff's Complaint does not contain a factual allegation that can be admitted or denied.

10.     The Fremont County Defendants admit the allegations of Paragraph 10 of Plaintiff's Complaint.

## IV.      FACTUAL ALLEGATIONS

### A.      MS. O'NEAL'S LIFE

11.     The Fremont County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of Plaintiff's Complaint and therefore deny the same.

12.     The Fremont County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of Plaintiff's Complaint and therefore deny the same.

13.     The Fremont County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of Plaintiff's Complaint and therefore deny the same.

14.     The Fremont County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of Plaintiff's Complaint and therefore deny the same.

15.     The Fremont County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of Plaintiff's Complaint and therefore deny the same.

16.     The Fremont County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of Plaintiff's Complaint and therefore deny the same.

17.     The Fremont County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of Plaintiff's Complaint and therefore deny the same.

18.     The Fremont County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of Plaintiff's Complaint and therefore deny the same.

19.     The Fremont County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of Plaintiff's Complaint and therefore deny the same.

20.     The Fremont County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of Plaintiff's Complaint and therefore deny the same.

21.     The Fremont County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 of Plaintiff's Complaint and therefore deny the same.

22.     The Fremont County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 of Plaintiff's Complaint and therefore deny the same.

23.     With regard to the allegations of Paragraph 23 of Plaintiff's Complaint, the Fremont County Defendants deny that Plaintiff was unlawfully arrested. The Fremont County Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 23 of Plaintiff's Complaint and therefore deny the same.

24.     The Fremont County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 of Plaintiff's Complaint and therefore deny the same.

25.     With regard to the allegations of Paragraph 25 of Plaintiff's Complaint, the Fremont County Defendants deny that Plaintiff was unlawfully arrested. The Fremont County Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 25 of Plaintiff's Complaint and therefore deny the same.

26.     The Fremont County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 of Plaintiff's Complaint and therefore deny the same.

27.     The Fremont County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 of Plaintiff's Complaint and therefore deny the same.

28.     The Fremont County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 of Plaintiff's Complaint and therefore deny the same.

29.     The Fremont County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 of Plaintiff's Complaint and therefore deny the same.

30.     The Fremont County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 of Plaintiff's Complaint and therefore deny the same.

31.     The Fremont County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 of Plaintiff's Complaint and therefore deny the same.

32.     The Fremont County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 of Plaintiff's Complaint and therefore deny the same.

33.     The Fremont County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33 of Plaintiff's Complaint and therefore deny the same.

34.     The Fremont County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34 of Plaintiff's Complaint and therefore deny the same.

35.     The Fremont County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35 of Plaintiff's Complaint and therefore deny the same.

**B.      MS. O'NEAL'S UNLAWFUL ARREST AND DETAINMENT**

36.     With regard to the allegations of Paragraph 36 of Plaintiff's Complaint, the Fremont County Defendants admit that on May 5, 2014 at approximately 12:28 p.m., Defendant Fetterhoff was dispatched to 2990 East Main Street (New Creation Inn), Canon City for a possible suicidal female party.

37.     The Fremont County Defendants admit the allegations of Paragraph 37 of Plaintiff's Complaint.

38.     With regard to the allegations of Paragraph 38 of Plaintiff's Complaint, the Fremont County Defendants admit that Defendant Fetterhoff was joined by Defendants Sanger and Johnson at New Creations Inn.

39.     With regard to the allegations of Paragraph 39 of Plaintiff's Complaint, the Fremont County Defendants admit that the reporting party Alan Donald advised dispatch that Plaintiff said she was going to drive herself off a cliff. The Fremont County Defendants deny the remaining allegations of Paragraph 39 of Plaintiff's Complaint.

40.    With regard to the allegations of Paragraph 40 of Plaintiff's Complaint, the Fremont County Defendants admit that any statements made at the Motions Hearing speak for themselves.

41.    The Fremont County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41 of Plaintiff's Complaint and therefore deny the same.

42.    The Fremont County Defendants deny the allegations of Paragraph 42 of Plaintiff's Complaint.

43.    With regard to the allegations of Paragraph 43 of Plaintiff's Complaint, the Fremont County Defendants admit that after repeated attempts to get Plaintiff to come to the door of her room, Defendant Johnston asked Defendant Sanger to have Mr. Donald get a key to the room. The Fremont County Defendants admit that Mr. Donald gave Defendant Johnston a key to the room and Defendant Johnston then unlocked and opened the door. The Fremont County Defendants deny the remaining allegations of Paragraph 43 of Plaintiff's Complaint.

44.    With regard to the allegations of Paragraph 44 of Plaintiff's Complaint, the Fremont County Defendants deny that Plaintiff informed Defendants Fetterhoff, Sanger or Johnston prior to their entry into the room that she was naked. The Fremont County Defendants deny the remaining allegations of Paragraph 44 of Plaintiff's Complaint.

45.    The Fremont County Defendants deny the allegations of Paragraph 45 of Plaintiff's Complaint.

46.    The Fremont County Defendants deny the allegations of Paragraph 46 of Plaintiff's Complaint.

47.     The Fremont County Defendants deny the allegations of Paragraph 47 of Plaintiff's Complaint.

48.     With regard to the allegations of Paragraph 48 of Plaintiff's Complaint, the Fremont County Defendants admit that any statements made at the Motions Hearing speak for themselves.

49.     With regard to the allegations of Paragraph 49 of Plaintiff's Complaint, the Fremont County Defendants admit that Plaintiff was upset and yelling loudly during the entire encounter in her room on May 5, 2014.

50.     The Fremont County Defendants deny the allegations of Paragraph 50 of Plaintiff's Complaint.

51.     The Fremont County Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 51 of Plaintiff's Complaint and therefore deny the same.

52.     The Fremont County Defendants deny the allegations of Paragraph 52 of Plaintiff's Complaint.

53.     The Fremont County Defendants deny the allegations of Paragraph 53 of Plaintiff's Complaint.

54.     The Fremont County Defendants deny the allegations of Paragraph 54 of Plaintiff's Complaint.

55.     With regard to the allegations of Paragraph 55 of Plaintiff's Complaint, the Fremont County Defendants deny they made any threats of violence. The Fremont County

Defendants admit that Plaintiff did not calm down during the encounter in her room on May 5, 2014.

56.     With regard to the allegations of Paragraph 56 of Plaintiff's Complaint, the Fremont County Defendants admit that any statements made at the Motions Hearing speak for themselves.

57.     The Fremont County Defendants deny the allegations of Paragraph 57 of Plaintiff's Complaint.

58.     With regard to the allegations of Paragraph 58 of Plaintiff's Complaint, the Fremont County Defendants admit that any statements made at the Motions Hearing speak for themselves.

59.     With regard to the allegations of Paragraph 59 of Plaintiff's Complaint, the Fremont County Defendants admit that Defendant Feterhoff's offense/incident report speaks for itself.

60.     The Fremont County Defendants deny the allegations of Paragraph 60 of Plaintiff's Complaint.

61.     The Fremont County Defendants deny the allegations of Paragraph 61 of Plaintiff's Complaint.

62.     The Fremont County Defendants deny the allegations of Paragraph 62 of Plaintiff's Complaint.

63.     The Fremont County Defendants deny the allegations of Paragraph 63 of Plaintiff's Complaint.

64.     The Fremont County Defendants deny the allegations of Paragraph 64 of Plaintiff's Complaint.

65.     With regard to the allegations of Paragraph 65 of Plaintiff's Complaint, the Fremont County Defendants admit that Plaintiff was not placed in an ambulance nor taken to a hospital. The Fremont County Defendants further admit that they did not call West Central Mental Health or other medical facility regarding Plaintiff. The Fremont County Defendants deny the remaining allegations of Paragraph 65 of Plaintiff's Complaint.

66.     With regard to the allegations of Paragraph 66 of Plaintiff's Complaint, the Fremont County Defendants admit that Defendant Feterhoff transported Plaintiff in the back of his patrol vehicle to the Fremont County Detention Center. The Fremont County Defendants deny the remaining allegations of Paragraph 66 of Plaintiff's Complaint.

67.     With regard to the allegations of Paragraph 67 of Plaintiff's Complaint, the Fremont County Defendants admit that during the transport to the Fremont County Detention Center, Plaintiff repeatedly yelled profanities. The Fremont County Defendants deny the remaining allegations of Paragraph 67 of Plaintiff's Complaint.

68.     With regard to the allegations of Paragraph 68 of Plaintiff's Complaint, the Fremont County Defendants admit that when Defendant Feterhoff arrived at the Fremont County Detention Center, Plaintiff was handcuffed and covered with a blanket. The Fremont County Defendants deny the remaining allegations of Paragraph 68 of Plaintiff's Complaint.

69.     The Fremont County Defendants admit the allegations of Paragraph 69 of Plaintiff's Complaint.

70.     The Fremont County Defendants admit the allegations of Paragraph 70 of Plaintiff's Complaint.

71.     The Fremont County Defendants deny the allegations of Paragraph 71 of Plaintiff's Complaint.

72.     The Fremont County Defendants deny the allegations of Paragraph 72 of Plaintiff's Complaint.

73.     The Fremont County Defendants deny the allegations of Paragraph 73 of Plaintiff's Complaint.

74.     The Fremont County Defendants deny the allegations of Paragraph 74 of Plaintiff's Complaint.

75.     The Fremont County Defendants deny the allegations of Paragraph 75 of Plaintiff's Complaint.

76.     With regard to the allegations of Paragraph 76 of Plaintiff's Complaint, the Fremont County Defendants admit that the Detention Division Standard Operating Procedures Manual speaks for itself. The Fremont County Defendants deny the remaining allegations of Paragraph 76 of Plaintiff's Complaint.

77.     The Fremont County Defendants deny the allegations of Paragraph 77 of Plaintiff's Complaint.

78.     With regard to the allegations of Paragraph 78 of Plaintiff's Complaint, the Fremont County Defendants admit that the Fremont County Sheriff's Office Custody II Deputy's Report Form speaks for itself.

79.     The Fremont County Defendants deny the allegations of Paragraph 79 of Plaintiff's Complaint.

80.     With regard to the allegations of Paragraph 80 of Plaintiff's Complaint, the Fremont County Defendants admit that on May 5, 2014 at approximately 1:09 p.m., Plaintiff removed her feet from the restraint chair. The Fremont County Defendants deny the remaining allegations of Paragraph 80 of Plaintiff's Complaint.

81.     The Fremont County Defendants deny the allegations of Paragraph 81 of Plaintiff's Complaint.

82.     The Fremont County Defendants deny the allegations of Paragraph 82 of Plaintiff's Complaint.

83.     The Fremont County Defendants deny the allegations of Paragraph 83 of Plaintiff's Complaint.

84.     With regard to the allegations of Paragraph 84 of Plaintiff's Complaint, the Fremont County Defendants admit that Plaintiff's Complaint appears to contain a screenshot from the Fremont County Detention Center video system. The Fremont County Defendants deny the remaining allegations of Paragraph 84 of Plaintiff's Complaint.

85.     The Fremont County Defendants deny the allegations of Paragraph 85 of Plaintiff's Complaint.

86.     With regard to the allegations of Paragraph 86 of Plaintiff's Complaint, the Fremont County Defendants admit that Plaintiff's Complaint appears to contain a second screenshot from the Fremont County Detention Center video system. The Fremont County Defendants deny the remaining allegations of Paragraph 86 of Plaintiff's Complaint.

87. The Fremont County Defendants deny the allegations of Paragraph 87 of Plaintiff's Complaint.

88. The Fremont County Defendants deny the allegations of Paragraph 88 of Plaintiff's Complaint.

89. The Fremont County Defendants deny the allegations of Paragraph 89 of Plaintiff's Complaint.

90. The Fremont County Defendants deny the allegations of Paragraph 90 of Plaintiff's Complaint.

91. The Fremont County Defendants deny the allegations of Paragraph 91 of Plaintiff's Complaint.

92. The Fremont County Defendants deny the allegations of Paragraph 92 of Plaintiff's Complaint.

93. The Fremont County Defendants deny the allegations of Paragraph 93 of Plaintiff's Complaint.

94. The Fremont County Defendants deny the allegations of Paragraph 94 of Plaintiff's Complaint.

95. The Fremont County Defendants deny the allegations of Paragraph 95 of Plaintiff's Complaint.

96. The Fremont County Defendants deny the allegations of Paragraph 96 of Plaintiff's Complaint.

97.     With regard to the allegations of Paragraph 97 of Plaintiff's Complaint, the Fremont County Defendants admit that Judge Cooling's Findings and Order speak for themselves.

98.     With regard to the allegations of Paragraph 98 of Plaintiff's Complaint, the Fremont County Defendants admit that Judge Cooling's Findings and Order speak for themselves.

99.     The Fremont County Defendants deny the allegations of Paragraph 99 of Plaintiff's Complaint.

100.    The Fremont County Defendants deny the allegations of Paragraph 100 of Plaintiff's Complaint.

### C.     FREMONT COUNTY SHERIFF'S OFFICE'S PRACTICE, CUSTOM AND POLICY OF EXCESSIVE FORCE

101.    The Fremont County Defendants deny the allegations of Paragraph 101 of Plaintiff's Complaint.

102.    The Fremont County Defendants deny the allegations of Paragraph 102 of Plaintiff's Complaint.

103.    The Fremont County Defendants deny the allegations of Paragraph 103 of Plaintiff's Complaint.

104.    The Fremont County Defendants deny the allegations of Paragraph 104 of Plaintiff's Complaint.

105.    The Fremont County Defendants deny the allegations of Paragraph 105 of Plaintiff's Complaint.

106.    The Fremont County Defendants deny the allegations of Paragraph 106 of Plaintiff's Complaint.

**D.     FREMONT COUNTY SHERIFF'S OFFICE'S CUSTOM, POLICY AND PRACTICE OF FAILING TO TRAIN OFFICERS WITH RESPECT TO THE PROPER TREATMENT OF PERSONS WITH MEDICAL CONDITIONS, PHYSICAL OR MENTAL DISABILITIES AND/OR SUICIDAL THREATS**

107.    The Fremont County Defendants deny the allegations of Paragraph 107 of Plaintiff's Complaint.

108.    The Fremont County Defendants deny the allegations of Paragraph 108 of Plaintiff's Complaint.

109.    The Fremont County Defendants deny the allegations of Paragraph 109 of Plaintiff's Complaint.

110.    The Fremont County Defendants deny the allegations of Paragraph 110 of Plaintiff's Complaint.

111.    The Fremont County Defendants deny the allegations of Paragraph 111 of Plaintiff's Complaint.

112.    The Fremont County Defendants deny the allegations of Paragraph 112 of Plaintiff's Complaint.

113.    The Fremont County Defendants deny the allegations of Paragraph 113 of Plaintiff's Complaint.

114. The Fremont County Defendants deny the allegations of Paragraph 114 of Plaintiff's Complaint.

115. The Fremont County Defendants deny the allegations of Paragraph 115 of Plaintiff's Complaint.

## STATEMENT OF CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

### 42 U.S.C. § 1983 – Fourth Amendment Violation –

### Unlawful Seizure / False Arrest

### (Against Defendants Fetterhoff, Johnston and Sanger)

116. The Fremont County Defendants reincorporate and reallege their responses to Paragraphs 1 through 115 as if fully set forth herein.

117. The Fremont County Defendants admit the allegations of Paragraph 117 of Plaintiff's Complaint.

118. The Fremont County Defendants deny the allegations of Paragraph 118 of Plaintiff's Complaint.

119. The Fremont County Defendants deny the allegations of Paragraph 119 of Plaintiff's Complaint.

120. The Fremont County Defendants admit the allegations of Paragraph 120 of Plaintiff's Complaint.

121. The Fremont County Defendants admit the allegations of Paragraph 121 of Plaintiff's Complaint.

122.     The Fremont County Defendants deny the allegations of Paragraph 122 of Plaintiff's Complaint.

123.     The Fremont County Defendants deny the allegations of Paragraph 123 of Plaintiff's Complaint.

124.     The Fremont County Defendants deny the allegations of Paragraph 124 of Plaintiff's Complaint.

125.     The Fremont County Defendants deny the allegations of Paragraph 125 of Plaintiff's Complaint.

126.     The Fremont County Defendants deny the allegations of Paragraph 126 of Plaintiff's Complaint.

**SECOND CLAIM FOR RELIEF**

**U.S.C. § 1983 – Fourth Amendment Violation –**

**Excessive Force**

**(Against Defendants Fetterhoff, Johnston and Sanger and the Fremont County**

**Defendants)**

127.     The Fremont County Defendants reincorporate and reallege their responses to Paragraphs 1 through 126 as if fully set forth herein.

128.     The Fremont County Defendants admit the allegations of Paragraph 128 of Plaintiff's Complaint.

129.     The allegations of Paragraph 129 of Plaintiff's Complaint call for a legal conclusion and therefore no response is required. To the extent a response is required and with respect specifically to the allegations directed at Defendants Feterhoff, Johnson and Sanger in

Paragraph 129, the Fremont County Defendants deny that they acted in violation of any law or constitutional obligation.

130.    The allegations of Paragraph 130 of Plaintiff's Complaint call for a legal conclusion and therefore no response is required.

131.    The Fremont County Defendants deny the allegations of Paragraph 131 of Plaintiff's Complaint.

132.    The Fremont County Defendants deny the allegations of Paragraph 132 of Plaintiff's Complaint.

133.    The Fremont County Defendants deny the allegations of Paragraph 133 of Plaintiff's Complaint.

134.    The Fremont County Defendants deny the allegations of Paragraph 134 of Plaintiff's Complaint.

135.    The Fremont County Defendants deny the allegations of Paragraph 135 of Plaintiff's Complaint.

136.    The Fremont County Defendants deny the allegations of Paragraph 136 of Plaintiff's Complaint.

### THIRD CLAIM FOR RELIEF

**U.S.C. § 1983 – Fourth and Fourteenth Amendment  Due Process Violation**

**Excessive Force**

**(Against Defendants Ulrich, Solano, Hammel, Gonzales, Bunch, Pohl, and the Fremont County Defendants)**

137.     The Fremont County Defendants reincorporate and reallege their responses to Paragraphs 1 through 136 as if fully set forth herein.

138.     The Fremont County Defendants admit the allegations of Paragraph 138 of Plaintiff's Complaint.

139.     The allegations of Paragraph 139 of Plaintiff's Complaint call for a legal conclusion and therefore no response is required. To the extent a response is required and with respect specifically to the allegations directed at Defendants Ulrich, Solano, Hammel, Gonzales, Bunch and Pohl in Paragraph 139, the Fremont County Defendants deny that they acted in violation of any law or constitutional obligation.

140.     The allegations of Paragraph 140 of Plaintiff's Complaint call for a legal conclusion and therefore no response is required.

141.     The Fremont County Defendants deny the allegations of Paragraph 141 of Plaintiff's Complaint.

142.     The Fremont County Defendants deny the allegations of Paragraph 142 of Plaintiff's Complaint.

143.     The Fremont County Defendants deny the allegations of Paragraph 143 of Plaintiff's Complaint.

144.     The Fremont County Defendants deny the allegations of Paragraph 144 of Plaintiff's Complaint.

145.     The Fremont County Defendants deny the allegations of Paragraph 145 of Plaintiff's Complaint.

146.     The Fremont County Defendants deny the allegations of Paragraph 146 of Plaintiff's Complaint.

## FOURTH CLAIM FOR RELIEF

### 42 U.S.C. § 1983 – Fourth and Fourteenth Amendments to United States

### (Against Defendants Fetterhoff, Johnston, Sanger, Ulrich, Solano, Hammel, Gonzales, Bunch and Pohl)

147.     The Fremont County Defendants reincorporate and reallege their responses to Paragraphs 1 through 146 as if fully set forth herein.

148.     The allegations of Paragraph 148 of Plaintiff's Complaint call for a legal conclusion and therefore no response is required. To the extent a response is required and with respect specifically to the allegations directed at Defendants Fetterhoff, Johnston, Sanger, Ulrich, Solano, Hammel, Gonzales, Bunch and Pohl in Paragraph 148, the Fremont County Defendants deny that they acted in violation of any law or constitutional obligation.

149.     The allegations of Paragraph 149 of Plaintiff's Complaint call for a legal conclusion and therefore no response is required.

150.     The Fremont County Defendants deny the allegations of Paragraph 150 of Plaintiff's Complaint.

151.     The Fremont County Defendants deny the allegations of Paragraph 151 of Plaintiff's Complaint.

152.     The Fremont County Defendants deny the allegations of Paragraph 152 of Plaintiff's Complaint.

153.     The Fremont County Defendants deny the allegations of Paragraph 153 of Plaintiff's Complaint.

154.     The Fremont County Defendants deny the allegations of Paragraph 154 of Plaintiff's Complaint.

155.     The Fremont County Defendants deny the allegations of Paragraph 155 of Plaintiff's Complaint.

## FIFTH CLAIM FOR RELIEF

**U.S.C. § 1983 – Fourteenth Amendment Due Process Violation –**

**Right to Bodily Integrity and Right to Privacy**

**(Against Defendants Fetterhoff, Johnston, Sanger, Ulrich, Solano, Hammel, Gonzales,**

**Bunch and Pohl)**

156.     The Fremont County Defendants reincorporate and reallege their responses to Paragraphs 1 through 155 as if fully set forth herein.

157.     The Fremont County Defendants admit the allegations of Paragraph 157 of Plaintiff's Complaint.

158.     The allegations of Paragraph 158 of Plaintiff's Complaint call for a legal conclusion and therefore no response is required. To the extent a response is required and with respect specifically to the allegations directed at the Fremont County Defendants in Paragraph 158, the Fremont County Defendants deny that they acted in violation of any law or constitutional obligation.

159.     The allegations of Paragraph 159 of Plaintiff's Complaint call for a legal conclusion and therefore no response is required.

160.	The Fremont County Defendants deny the allegations of Paragraph 160 of Plaintiff's Complaint.

161.	The Fremont County Defendants deny the allegations of Paragraph 161 of Plaintiff's Complaint.

162.	The Fremont County Defendants deny the allegations of Paragraph 162 of Plaintiff's Complaint.

**SIXTH CLAIM FOR RELIEF**

**42 U.S.C. § 12132,** *et seq.* **– Violation of Title II of the Americans with Disabilities Act of 1990, as Amended**

**Unlawful Discrimination and Failure to Reasonably Accommodate**

**(Against all Defendants)**

163.	The Fremont County Defendants reincorporate and reallege their responses to Paragraphs 1 through 162 as if fully set forth herein.

164.	The allegations of Paragraph 164 of Plaintiff's Complaint call for a legal conclusion and therefore no response is required.

165.	The allegations of Paragraph 165 of Plaintiff's Complaint call for a legal conclusion and therefore no response is required.

166.	The allegations of Paragraph 166 of Plaintiff's Complaint call for a legal conclusion and therefore no response is required.

167.	The allegations of Paragraph 167 of Plaintiff's Complaint call for a legal conclusion and therefore no response is required.

168.     The allegations of Paragraph 168 of Plaintiff's Complaint call for a legal conclusion and therefore no response is required.

169.     The Fremont County Defendants deny the allegations of Paragraph 169 of Plaintiff's Complaint.

170.     The Fremont County Defendants deny the allegations of Paragraph 170 of Plaintiff's Complaint.

171.     The Fremont County Defendants deny the allegations of Paragraph 171 of Plaintiff's Complaint.

172.     With regard to the allegations of Paragraph 172 of Plaintiff's Complaint, the Fremont County Defendants deny they violated Plaintiff's rights under the ADA.

173.     The Fremont County Defendants deny the allegations of Paragraph 173 of Plaintiff's Complaint.

174.     The Fremont County Defendants deny the allegations of Paragraph 174 of Plaintiff's Complaint.

175.     The Fremont County Defendants deny the allegations of Paragraph 175 of Plaintiff's Complaint.

176.     The Fremont County Defendants deny the allegations of Paragraph 176 of Plaintiff's Complaint.

177.     The Fremont County Defendants deny the allegations of Paragraph 177 of Plaintiff's Complaint.

178.     The Fremont County Defendants deny the allegations of Paragraph 178 of Plaintiff's Complaint.

179.     The Fremont County Defendants deny the allegations of Paragraph 179 of Plaintiff's Complaint.

180.     The Fremont County Defendants deny the allegations of Paragraph 180 of Plaintiff's Complaint.

181.     The Fremont County Defendants deny the allegations of Paragraph 181 of Plaintiff's Complaint.

182.     The Fremont County Defendants deny all allegations of Plaintiff's Complaint not specifically admitted herein including but not limited to the Wherefore clause and all subparagraphs of the Wherefore clause in Plaintiff's Complaint.

## DEFENSES AND AFFIRMATIVE DEFENSES

1.     Plaintiff's Complaint fails to state a claim as to which any relief may be granted against the Fremont County Defendants.

2.     All or part of Plaintiff's claims fail to achieve the level of any constitutional violation sufficient to state a claim under 42 U.S.C. §1983 or otherwise.

3.      The Fremont County Defendants are entitled to qualified immunity with respect to any 42 U.S.C. §1983 or other claim alleged against them in their individual capacities.

4.     Plaintiff's claims against the Fremont County Defendants are barred, in whole or in part, by a lack of personal participation.

5.     The conduct of the Fremont County Defendants was not deliberately indifferent.

6.     At all times pertinent herein, the Fremont County Defendants acted in accordance with all common law, statutory and constitutional obligations and without any intent to cause Plaintiff harm.

7.     The Fremont County Defendants lacked the requisite intent to establish any claim against them.

8.     The Fremont County Defendants did not breach any legal duty allegedly owed to Plaintiff.

9.      Plaintiff's injuries and damages, if any, were proximately caused by her own acts or omissions, either independent of or in combination with or through the acts or omissions of third parties, over whom the Fremont County Defendants possessed no ability to control or right of control.

10.     Some or all of Plaintiff's injuries and damages, if any, were either pre-existing or not aggravated by any action or omission of the Fremont County Defendants, nor proximately caused by or related to any act or omission of the Fremont County Defendants.

11.     Any claim for punitive or exemplary damages against the Fremont County Defendants in their individual capacities are barred, limited, reduced, or in the alternative, unconstitutional and in violation of the rights of the Fremont County Defendants under the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

12.     The Fremont County Defendants were lawfully exercising the powers conferred upon them and were justified in any use of force.

13.     The Fremont County Defendants used no more force than reasonable under the circumstances.

14.     The actions of the Fremont County Defendants were at all times legally privileged.

15.     Plaintiff's allegations and claims are limited or barred by the doctrine of legal justification.

16.     All actions of the Fremont County Defendants were objectively reasonable.

17.     The force used by the Fremont County Defendants was objectively reasonable.

18.     Plaintiff may have failed to reasonably mitigate her alleged damages, if any.

19.     Plaintiff's injuries and damages, if any, were incurred as a result of Plaintiff's own willful and intentional or negligent acts either independent or in combination with or through the acts or omissions of third parties over whom the Fremont County Defendants have no control.

20.     Plaintiff was not a qualified individual with a disability within the meaning of the Americans with Disabilities Act.

21.     Plaintiff was not substantially limited in a major life activity within the meaning of the Americans with Disabilities Act.

22.     The Fremont County Defendants did not discriminate against Plaintiff on the basis of her disabilities.

23.     The Fremont County Defendants had no knowledge of Plaintiff's disabilities.

24.     The Fremont County Defendants specifically reserve the right to amend this Answer to include additional defenses and affirmative defenses, or delete defenses and affirmative defenses that become non-applicable upon completion of additional discovery.

**THE FREMONT COUNTY DEFENDANTS DEMAND A TRIAL BY JURY.**

Dated this 30th day of June 2016.

Respectfully submitted,

*S/ William T. O'Connell, III*

_____
William T. O'Connell, III
Brendan L. Loy
Wells, Anderson & Race, LLC
1700 Broadway, Suite 1020
Denver, CO 80290
T: 303-830-1212
Email: woconnell@warllc.com
Email: bloy@warllc.com

**ATTORNEYS FOR THE FREMONT COUNTY DEFENDANTS**

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on June 30, 2016, a true and correct copy of the above and foregoing **ANSWER OF DEFENDANTS THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF FREMONT, SHERIFF JAMES BEICKER, TY MARTIN, MICHAEL FETTERHOF, TROY JOHNSTON, MICHAEL ULRICH, RICHARD SOLANO AND CARRIE HAMMEL TO PLAINTIFF'S COMPLAINT AND JURY DEMAND** was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following email addresses:

David A. Lane, Esq.
Eudoxie (Dunia) Dickey, Esq.
1543 Champa Street, Suite 400
Denver, CO 80202
Email: <u>dlane@kln-law.com</u>
Email: <u>ddickey@kln-law.com</u>
***Attorneys for Plaintiff***

<u>*S/ Barbara McCall*</u>
Barbara McCall
Email: <u>bmccall@warllc.com</u>
