IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.  1:16-cv-01005-WYD-KLM

CAROLYN O'NEAL,

     Plaintiff,

v.

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF FREMONT;
SHERIFF ALLEN COOPER, in his individual and official capacities;
MICHAEL FETTERHOFF, in his individual and official capacities;
TROY JOHNSTON, in his individual and official capacities;
STEVE SANGER, in his individual and official capacities;
MICHAEL ULRICH, in his individual and official capacities;
RICHARD SOLANO, in his individual and official capacities;
CARRIE HAMMEL, in her individual and official capacities;
CAMERON GONZALES, in his individual and official capacities;
JOSHUA POHL, in his individual and official capacities; and
DEBORA LYNN f/k/a DEBORA BUNCH, in her individual and official capacities

     Defendants.

---

**JURY INSTRUCTIONS**

---

INSTRUCTION NO. 1

MEMBERS OF THE JURY:

Now that you have heard the evidence and before hearing the closing arguments, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I will state it. You must apply the law to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but consider the instructions as a whole. Do not be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law.

The lawyers may properly refer to some of the governing rules of law in their arguments. If there is any difference between the law stated by the lawyers and these instructions, you must follow my instructions.

Nothing I say in these instructions indicates that I have any opinion about the facts. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, following the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

INSTRUCTION NO. 2

This case involves the warrantless arrest of Carolyn O'Neal ("Plaintiff") in her home without probable cause to believe she had committed any offense, and in retaliation for her First Amendment-protected speech.  Defendant law enforcement officers dragged her forcibly from her home, naked in full public view. She was taken to the Fremont County jail where Defendants assaulted her, placed her in a restraint chair—still naked to any observers—and tased her despite the fact that she posed no risk to anyone, including herself.

Plaintiff alleges violations of her First, Fourth, and Fourteenth Amendment rights, including (1) Wrongful Arrest, against Defendants Michael Fetterhoff, Troy Johnston, and Steve Sanger in violation of her Fourth Amendment rights, (2) Excessive Force for the use of a Taser and the hypoglossal compliance technique, against Defendants Michael Ulrich, Richard Solano, Carrie Hammel, Cameron Gonzales, Debora Lynn (formerly known as Debora Bunch), Joshua  Pohl, and Fremont County in violation of her Fourth Amendment rights, (3) Unlawful Retaliation to First Amendment-protected speech, against Defendants Fetterhoff, Johnston, Sanger, Ulrich, Solano, Hammel, Gonzales, Lynn, and Pohl in violation of her First and Fourteenth Amendment rights, and (4) Breach of the Right to Privacy, against Defendants Fetterhoff, Johnston, Sanger, Ulrich, Solano, Hammel, Gonzales, Lynn, and Pohl in violation of her Fourth Amendment rights.

Defendants deny that they violated Plaintiff's constitutional rights and deny that they acted in violation of any law with respect to Plaintiff.   Defendants further deny that Plaintiff is entitled to any damages against them.

INSTRUCTION NO. 3

The parties have agreed to certain facts:

1. On December 16, 2013, Plaintiff signed a residential lease agreement at New Creations Inn ("NCI") in Canon City, Colorado.

2. NCI is a 12 to 24-month transitional housing program for people who are looking to change their lives.

3. On May 5, 2014, NCI Program Director Alan Donald called 911 and reported that a resident (Plaintiff) had made suicidal threats, was becoming aggressive and had locked herself in her room and refused to come out.

4. Mr. Donald's 911 call was dispatched to Defendants Fetterhoff, Johnston and Sanger as a suicidal subject.

5. Upon arrival at NCI, Sergeant Johnston spoke to Mr. Donald and Plaintiff's NCI case worker Lois (Anne) Largent about Plaintiff's suicidal threats and Plaintiff's behavior.

6. Mr. Donald and Ms. Largent told the police that Plaintiff had made suicidal statements.

7. After speaking to Mr. Donald and Ms. Largent, Defendants Fetterhoff, Johnston, and Sanger proceeded to Plaintiff's room to speak to her.

8. Defendants Solano, Pohl, Lynn and Gonzales were notified that Plaintiff, described as a combative female, was on route to Fremont County Detention Center ("FCDC"). The officers subsequently met Defendant Fetterhoff in the FCDC sally port to escort Plaintiff to the booking area.

INSTRUCTION NO. 4

You must not be influenced by sympathy, bias, or prejudice for or against any party in this case.

Also, do not decide the case based on "implicit biases". As we discussed in jury selection, everyone, including me, has feelings, assumptions, perceptions, fears, and stereotypes, that is, "implicit biases", that we may not be aware of. These hidden thoughts can impact what we see and hear, and how we make important decisions. Because you are making very important decisions in this case, I strongly encourage you to evaluate the evidence carefully and to resist jumping to conclusions based on personal likes or dislikes, generalizations, gut feelings, prejudices, sympathies, stereotypes, or biases. The law demands that you return a just verdict, based solely on the evidence, your individual evaluation of that evidence, your reason and common sense, and these instructions. Our system of justice is counting on you to render a fair decision based on the evidence, not on biases.

INSTRUCTION NO. 5

When I tell you that a claim or defense must be established "by a preponderance of the evidence," that means the party must offer evidence, which as a whole, shows that the fact sought to be proved is more probable than not.  In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true.  This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

You may have heard of the term "proof beyond a reasonable doubt."  That is a stricter standard applicable in criminal cases.  It does not apply in civil cases such as this. You should, therefore, put it out of your minds.

INSTRUCTION NO. 6

The evidence in the case consists of the following:

1.  The sworn testimony of the witnesses, no matter who called a witness.

2.  All exhibits received in evidence, regardless of who may have produced the exhibits.

3.  Depositions received into evidence. Depositions contain sworn testimony, with the lawyers for each party being entitled to ask questions. Deposition testimony may be accepted by you, subject to the same instructions that apply to witnesses testifying in open court.

4.  Statements and arguments of the lawyers are not evidence in the case, unless made as an admission or stipulation of fact. A "stipulation," is an agreement between both sides that certain facts are true. When the lawyers on both sides stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved.

If I sustained an objection to any evidence or if I ordered evidence stricken, that evidence must be entirely ignored.

INSTRUCTION NO. 7

"Direct evidence" is direct proof of a fact, such as testimony by a witness about what the witness said or heard or did. "Circumstantial evidence" is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any evidence.

INSTRUCTION NO. 8

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) The witness's opportunity and ability to see or hear or know the things testified to;

(2) The witness's memory;

(3) The witness's manner while testifying;

(4) The witness's interest in the outcome of the case, if any;

(5) The witness's bias or prejudice, if any;

(6) Whether other evidence contradicted the witness's testimony;

(7) The reasonableness of the witness's testimony in light of all the evidence; and

(8) Any other factors that bear on believability.

You must avoid bias, based on the witness's race, color, religious beliefs, national origin, sexual orientation, gender identity, or gender in your determination of credibility. You must determine the credibility of police officials in the same way and by the same standards as you would evaluate the testimony of any other witness. You should neither believe nor disbelieve the testimony of a police official just because he or she is a police official.

INSTRUCTION NO. 9

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if the act is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

INSTRUCTION NO. 10

You are to consider only the evidence in the case. However, you are not limited to the statements of the witnesses. You may draw from the facts you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

INSTRUCTION NO. 11

The law to be applied in this case is the federal civil rights law, which provides a remedy for individuals who have been deprived of their constitutional rights under color of state law.

Section 1983 of Title 42 of the United States Code states:

> Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

INSTRUCTION NO. 12

Section 1983 creates a federal remedy for persons who have been deprived by government employees (including law enforcement officers) of rights, privileges, and immunities secured by the United States Constitution and federal statutes.

INSTRUCTION NO. 13

To establish each of her respective claims under Section 1983, Plaintiff must establish, by a preponderance of the evidence, each of the following three elements:

First, that the acts complained of were committed by the relevant Defendant acting under color of state law;

Second, that in committing these acts, the relevant Defendant intentionally or recklessly deprived Plaintiff of her rights, privileges, or immunities secured by the Constitution or laws of the United States; and

Third, that the relevant Defendant's acts were the proximate cause of injuries sustained by Plaintiff.

I shall now examine each of the three elements in greater detail.

INSTRUCTION NO. 14

The first element of each of Plaintiff's claims is that the conduct complained of was committed by the relevant Defendant acting under color of state law.

Action "under color of state law" means that the Defendant claims to be acting pursuant to authority given him by the state, even if he or she is misusing that authority. The term "state" here also encompasses any political subdivision of a state, such as a county or city, and also any state, county, or city agencies.

# INSTRUCTION NO. 15

The second element of each of Plaintiff's claims is that the relevant Defendant, in committing the acts complained of, intentionally or recklessly deprived Plaintiff of a federal right. In order for Plaintiff to establish this second element, she must show that those acts that you have found the Defendant took caused Plaintiff to suffer the loss of a federal right; and, that, in performing those acts, the Defendant acted either (1) with an intent to deprive Plaintiff of her rights, or (2) with a reckless disregard of those rights.

An act is intentional if it is done voluntarily and deliberately and not because of mistake, accident, negligence, or other innocent reason. Please note that intent can be proved directly or it can be proved by reasonable inference from circumstantial evidence.

An act is reckless if done in conscious disregard of its known probable consequences. In other words, even if the Defendant did not intentionally seek to deprive Plaintiff of her rights, if the Defendant nevertheless purposely disregarded the high probability that the actions would deprive Plaintiff of her rights, then the second element would be satisfied.

I will now describe the federal rights that Plaintiff claims she was deprived of in this case.

INSTRUCTION NO. 16

Plaintiff's Wrongful Arrest, Excessive Force for the use of a Taser and the hypoglossal compliance technique, and Breach of the Right to Privacy claims allege that Defendants deprived her of her rights under the Fourth Amendment to the Constitution of the United States.

The Fourth Amendment to the Constitution of the United States provides:

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

INSTRUCTION NO. 17

Plaintiff claims that Defendants Fetterhoff, Johnston, and Sanger wrongfully arrested her in violation of the Fourth Amendment. Under the United States Constitution, no person may be arrested without probable cause for such an arrest. This means that the police officers who made the arrest must collectively have information at the time of the arrest that would lead a reasonable person who possesses the same official expertise as the officers to conclude that the person being arrested has committed or is about to commit a crime. If Defendants Fetterhoff, Johnston, and Sanger lacked probable cause to arrest Plaintiff, they would thereby deprive her of a federal right.

INSTRUCTION NO. 18

Probable cause exists for an arrest if, at the moment the arrest was made, a reasonable person in the Defendant's position would have believed that Plaintiff had committed or was committing a crime. In making this decision, you should consider what the Defendant knew and the reasonably trustworthy information the Defendant had received.

Because Plaintiff was arrested for disorderly conduct, the Defendant must have had probable cause regarding each element of the crime. As relevant to this case, a person commits disorderly conduct if she

1) Intentionally, knowingly, or recklessly:

2) Makes a coarse and obviously offensive utterance, gesture, or display;

3) In a public place; and

4) The utterance, gesture, or display tends to incite an immediate breach of the peace.

Probable cause requires more than just a suspicion. But it does not need to be based on evidence that would be sufficient to support a conviction, or even a showing that the Defendant's belief was probably right. The fact that Plaintiff's criminal charges were later dismissed does not by itself mean that there was no probable cause at the time of her arrest.

INSTRUCTION NO. 19

Plaintiff claims that Defendants Ulrich, Solano, Hammel, Gonzales, Pohl and Lynn used excessive force against her in violation of the Fourth Amendment when Defendant Ulrich applied a taser to Plaintiff's leg and when Defendant Pohl applied the hypoglossal compliance technique to Plaintiff in order to gain compliance with Defendants' directions to place her foot flat so that they could restrain her leg while she was in the restraint chair.

The Fourth Amendment to the United States Constitution protects persons from being subjected to excessive force. In other words, a law enforcement official may only employ the amount of force reasonably necessary under the circumstances.

To determine whether the Defendant's acts caused Plaintiff to suffer the loss of a federal right, you must determine whether the amount of force used was that which a reasonable officer would have employed under similar circumstances. An officer always has the right to use the reasonable force that is necessary under the circumstances to maintain order and ensure compliance with jail or prison regulations. Whether a specific use of force is excessive or unreasonable depends on factors such as the relationship between the need for the use of force and the amount of force used; the extent of the injury; any effort made by the officer to temper or limit the amount of force used; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether Plaintiff was actively resisting.

But, you do not have to determine whether the Defendant had less intrusive alternatives available. Defendants need only to have acted within that range of conduct identified as reasonable. If you find that the amount of force used was greater than a reasonable person would have employed, Plaintiff has established the claim of loss of a federal right.

INSTRUCTION NO. 20

A law enforcement officer who fails to intervene to prevent another law enforcement officer's use of excessive force can be liable for use of excessive force under § 1983 for the violation of a plaintiff's Fourth Amendment right.

INSTRUCTION NO. 21

Plaintiff claims that Sheriff Beicker and Fremont County violated her Fourth Amendment right to be free from excessive force. Plaintiff's claim against Sheriff Beicker is a claim against him in his official capacity. An official capacity suit is to be treated as a suit against a public entity, which in this case is Fremont County.

If you find that Plaintiff has proved her excessive force claim against one or more of the individual Defendants by a preponderance of the evidence, you must consider whether Fremont County is also liable to Plaintiff. Fremont County is liable if Plaintiff proves by a preponderance of the evidence that the conduct of Defendants Ulrich, Solano, Hammel, Gonzales, Lynn, or Pohl was a result of an official policy, custom, or practice of Fremont County and that Plaintiff was injured as a result of that conduct. Plaintiff must also prove that Fremont County's policy, custom, or practice shows "deliberate indifference" to the rights of others and that the policy, custom, or practice was the "moving force" behind her injury.

INSTRUCTION NO. 22

"Deliberate indifference" to the rights of others is the conscious or reckless disregard of the consequences of one's acts or omissions. Deliberate indifference requires more than negligence or ordinary lack of due care. Fremont County is deliberately indifferent where it deliberately or consciously fails to act when presented with an obvious and substantial risk to the constitutional rights of others.

INSTRUCTION NO. 23

To be a "moving force" behind a constitutional violation, there must be a "direct causal link" between Fremont County's act or omission and the deprivation of Plaintiff's federal rights.

INSTRUCTION NO. 24

Plaintiff claims that Defendants Fetterhoff, Johnston, Sanger, Ulrich, Solano, Hammel, Gonzales, Lynn, and Pohl, violated her right to privacy in violation of the Fourth Amendment.  A person's right to privacy is violated when officials unreasonably expose the person's body in front of others.  The reasonableness of such official actions is measured objectively by examining the totality of the circumstances.  To determine whether officials acted unreasonably, you must consider the scope of the privacy intrusion, the manner in which the intrusion is conducted, the justification for the intrusion, and the place in which the intrusion is conducted.

INSTRUCTION NO. 25

Plaintiff alleges that Defendants Fetterhoff, Johnston, Sanger, Ulrich, Solano, Hammel, Gonzales, Lynn, and Pohl illegally retaliated against her for exercising her rights secured by the First and Fourteenth Amendments to the United States Constitution.

To recover under her retaliation claim, Plaintiff must establish that (1) she engaged in constitutionally protected speech; (2) the Defendant's actions caused Plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that protected speech, and (3) the Defendant's actions were substantially motivated as a response to Plaintiff's constitutionally protected speech.  The first element has been satisfied because the Court has ruled as a matter of law that the statements attributed to Plaintiff by the Defendants constitute constitutionally protected speech.

INSTRUCTION NO. 26

The third element which Plaintiff must prove for each of her claims is that the Defendant's acts were a proximate cause of injuries sustained by Plaintiff.  An act is a proximate cause of an injury if it was a substantial factor in bringing about that injury, and if the injury was a reasonably foreseeable consequence of the Defendant's act.

INSTRUCTION NO. 27

If you find for Plaintiff, you must determine Plaintiff's damages.  Plaintiff has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate Plaintiff for the deprivation of civil rights proximately caused by the Defendants.  Damages may not be based on speculation or sympathy.  They must be based on the evidence presented at trial and only that evidence.

You should consider the following elements of damage to the extent you find them proved by a preponderance of the evidence:

Past, present, and projected future physical and emotional pain, mental anguish, and loss of enjoyment of life caused by a violation of her constitutional rights.

If you find for Plaintiff, but you find Plaintiff has failed to prove actual damages, you shall return an award of nominal damages not to exceed one dollar.  The mere fact that a constitutional deprivation has been shown to have occurred is an injury to the person entitled to enjoy that right, even when no actual damages flow from the deprivation.

INSTRUCTION NO. 28

In determining the amount of Plaintiff's actual damages, you cannot reduce the amount of or refuse to award any such damages because of any condition of Plaintiff that may have made her more susceptible to injury, disability, or impairment than an average or normal person.

INSTRUCTION NO. 29

In addition to the damages mentioned in other instructions, the law permits you, under certain circumstances to award the injured person punitive damages in order to punish a defendant for some extraordinary misconduct and to serve as an example or warning to others not to engage in such conduct.

If you find in favor of Plaintiff and against an individual Defendant, and if you find the individual Defendant acted with evil motive or intent, or with reckless or callous indifference to Plaintiff's constitutional rights, then, in addition to any other damages to which you find Plaintiff is entitled, you may, but are not required to, award Plaintiff an additional amount as punitive damages if you find it is appropriate to punish the Defendant or deter the Defendant and others from like conduct in the future.

"Evil motive or intent" means a state of mind under which a person's conduct is characterized by malice or ill will. "Reckless indifference" means an action was taken by an individual Defendant with conscious disregard of the act's known probable consequences. "Callous indifference" means that an action was taken by an individual Defendant without sympathy for Plaintiff.

Whether to award Plaintiff punitive damages and the amount of those damages are within your sound discretion. You may assess punitive damages against the individual Defendant or you may refuse to impose punitive damages. However, if you find in favor of Plaintiff and against Fremont County, you may not award punitive damages against Fremont County. Punitive damages are not available against public entities.

INSTRUCTION NO. 30

There are two more cautionary instructions related to damages.  First, you should not award compensatory damages more than once for the same injury.  For example, if Plaintiff were to prevail on two claims and establish a one-dollar injury, you could not award her one-dollar compensatory damages on each claim—she is only entitled to be made whole again, not to recover more than she lost.  Of course, if different injuries are attributed to the separate claims, then you must compensate her fully for all of the injuries.

With respect to punitive damages, you may make separate awards on each claim that is established.

Second, you must be careful to impose any damages that you may award on a claim solely upon the Defendant or Defendants who you find to be liable on that claim. Although there are multiple Defendants in this case, it does not follow that if one Defendant is liable, all or any one of the other Defendants are liable as well.  Each Defendant is entitled to fair, separate and individual consideration of the case without regard to your decision as to the other Defendants.  In other words, in order for you to return a verdict against any one Defendant, you must find by a preponderance of the evidence that all of the essential elements of Plaintiff's claim(s) are satisfied against that Defendant.   If you find that only one Defendant is responsible for a particular injury, then you must impose damages for that injury only upon that Defendant.

INSTRUCTION NO. 31

This case involves multiple Defendants. It is not always possible to apportion damages to a particular Defendant's conduct. Plaintiff, however, may be able to prove that more than one officer is liable for a particular injury. If two or more law enforcement officers acted together in an act that violated Plaintiff's rights, all of the involved Defendants are jointly liable for the entire injury caused by the violation of Plaintiff's rights. The law does not require Plaintiff to establish how much of the particular injury was done by each particular officer. Also, a police officer may be responsible for another officers' use of excessive force if the officer actively participated in the group use of force. If Plaintiff proves that two or more of the officers are jointly liable on a particular claim, you may simply determine the overall amount of damages for which the involved Defendants are liable, without breaking that figure down into individual percentages. Each involved Defendant would then be liable for the overall compensatory damages.

INSTRUCTION NO. 32

Difficulty or uncertainty in determining the precise amount of any damages does not prevent you from deciding an amount. You should use your best judgment based on the evidence.

INSTRUCTION NO. 33

The verdict must represent the considered judgment of each of you.  In order to return a verdict, it is necessary that each juror agree.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without disregard of individual judgment.  You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans.  You are judges—judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

INSTRUCTION NO. 34

The fact I have instructed you as to the proper measure of damages should not be considered as indicating any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance only in the event you should find in favor of Plaintiff from a preponderance of the evidence in the case in accordance with the other instructions.

INSTRUCTION NO. 35

Upon retiring to the jury room, you shall select one of you to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in court. A verdict form has been prepared for your convenience to take to the jury room.

You will note that the form includes a number of interrogatories or questions which call for a "yes" or "no" answer. The answer to each question must be the unanimous answer of the jury. Your foreperson will write the unanimous answer of the jury in the space provided for each response. As you will note from the wording of the questions, it may not be necessary to consider or answer every question.

When you have completed the verdict form, the foreperson will sign and date the form, all other jurors will sign the form, and you will give the form to the Court Security Officer, alerting him or her that you have reached a verdict.

INSTRUCTION NO. 36

In your deliberations, your duty is to apply my instructions of law to the evidence that you have seen and heard in the courtroom.  You are not allowed to look at, read, consult, or use any material of any kind, including any dictionaries or medical, scientific, technical, religious, or law books, the Internet, or any material of any type or description in connection with your jury service.  I want to emphasize that you must not seek or receive any information about this case from the Internet, which includes Google, Wikipedia, blogs, and any other website.  You are not allowed to do any research of any kind about this case.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry or computer; the Internet; any Internet service; any text or instant messaging service, or any internet chat room, blog or website such as Facebook, MySpace, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.  In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case.  You can only discuss the case in the jury room with your fellow jurors during deliberations.  I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom.  Information on the Internet or available through

social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process.

INSTRUCTION NO. 37

I do not invite communications from you, but if it becomes necessary during your deliberations to communicate with the court, you may send a note by the court security officer, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with the court by any means other than a signed writing, and the court will never communicate with any member of the jury on any subject touching the merits of the case other than in writing, or orally here in open court. Upon receipt of a note from you, I will need to convene a meeting with counsel to discuss your question or request. It may well take considerable time and effort to respond.

You will note from the oath about to be taken by the court security officer that he or she, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case. Let me know immediately if anyone attempts any such communication.

Bear in mind also that you are never to reveal to any person—not even to the court—how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.

INSTRUCTION NO. 38

These instructions contain the law that you must use in deciding this case.  No single instruction states all the applicable law.  All the instructions must be read and considered together.

Nothing said in these instructions and nothing in any form of verdict prepared for your convenience is meant to suggest or convey in any way or manner any suggestion or hint as to what verdict I think you should find.  What the verdict shall be is your sole and exclusive duty and responsibility.